IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**BOBBY D. MORGAN,**         )
                             )
    **Petitioner,**          )
                             )
v.                           )   Civil Action No. 5:09-0966
                             )
**DAVID BERKEBILE, Warden,** )
**FCI Beckley,** *et al.***,** )
                             )
    **Respondents.**         )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be dismissed.

## FACTUAL AND PROCEDURAL HISTORY

**1.    Parole Proceedings:**

On September 20, 1988, Petitioner was sentenced by the District of Columbia Superior Court to 15 years to life imprisonment for armed robbery and a one year term of imprisonment for carrying a pistol without a license. (Document No. 11-1, p. 2.) The above sentences were ordered to run consecutively. (Id.) On March 24, 2003, Petitioner was released on parole and placed on supervision

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

in the Western District of North Carolina. On August 1, 2007, the United States Parole Commission [USPC] completed a Warrant Application alleging that Petitioner had violated the terms and conditions of his parole by: (1) "Use of Dangerous and Habit Forming Drugs;" and (2) "Law Violation: (a) Assault With Deadly Weapon with Intent to Kill, Inflicting Serious Injury; (b) Discharging a Firearm into Occupied Property; (c) Failure to Report Arrest to USPO." (Id., pp. 12 - 14.) A Warrant was issued on the same date. (Id., p. 10.) On December 10, 2007, Petitioner was convicted in the Superior Court of Mecklenburg County, North Carolina, of discharging a weapon into occupied property and assault with a deadly weapon causing serious injury. (Id., pp. 16 - 19.) Petitioner was sentenced to 25 to 39 months imprisonment, to be followed by 36 months of supervised release. (Id.) The Superior Court suspended Petitioner's sentence of imprisonment and Petitioner began serving his 36 months of supervised release. (Id.)

On December 27, 2007, Petitioner was arrested pursuant to the parole violation warrant. (Id., p. 11.) On August 19, 2008, the USPC conducted a revocation hearing finding that Petitioner committed the charged violations. (Id., pp. 21 - 24.) The USPC determined Petitioner's offenses were rated at a category seven, the salient factor score was a five, and the guideline range was 78-110. (Id.) On September 19, 2008, the USPC issued its "Notice of Action" revoking Petitioner's parole, denying him credit for time spent on parole, and issuing a presumptive reparole date of July 24, 2016, after service of 110 months. (Id., pp. 26 - 28.) On October 15, 2008, Petitioner filed his Notice of Appeal raising the following grounds of error:

> **Ground One:** The USPC violated D.C. Code § 24-209 and the Fifth Amendment Due Process Clause by determining my revocation eligibility and suitability under Federal, instead of District of Columbia standards.
>
> **Ground Two:** The U.S. Parole Examiner Paul Howard was arbitrary and capricious because he failed to exercise "due care" and proper procedures by not following the D.C. Code Reference Guidelines (See 28 C.F.R. Ch. 1. § 2.219(a)(1)). The examiner

>violated my 14th Amendment Equal Protection rights by applying the stricter Federal parole procedures in my case.
>
>**Ground Three:** According to 28 C.F.R. § 2.218(d), if the term of imprisonment authorized under § 2.219 is less than the minimum of the appropriate guideline range determined under § 2.21, the term authorized under § 2.219 shall be the guideline range.
>
>**Ground Four:** According to U.S.C.A. Title 18 § 4214(b), my 5th and 14th Amendment became violated when the U.S. Parole Commission failed to give me a revocation hearing within 90 days of retaking. The "Supremacy Clause" applies to my cause because the Supreme Court was very adamant on the 14th Amendment rights of parolee's to receive a prompt revocation hearing. (See Morrissey v. Brewer). The opinion is on point and analogous to me.
>
>**Ground Five:** Collateral estoppel prevents the USPC from re-litigating against me on my N.C. State charges and creating a double jeopardy issue with my revocation hearing creating undue prejudice. The harm resulting from the fact-finders being exposed to evidence that is persuasive but inadmissible (such as evidence of prior criminal conduct) or that so arouses the emotions that calm and logical reasoning is abandoned.
>
>**Ground Six:** According to the Salient Factor Score (SFS-98), I strongly believe that it was incorrectly calculated. Prima facie ex post facto claim because prisoner showed "significant risk that his punishment will be increased" by retroactive application of new federal re-parole guidelines. (See Fletcher v. Reilly, 433 F.3d 867, 879 (D.C. Cir. 2006).

(Id., pp. 30 - 35.) By "Notice of Action on Appeal" dated January 2, 2009, the National Appeals Board affirmed the USPC's decision. (Id., pp. 37 - 38.)

**2.     Proceedings in the Northern District of Georgia:**

On May 22, 2008, Petitioner filed in the Northern District of Georgia an Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. As grounds for *habeas* relief, Petitioner alleged: (1) The USPC failed to hold a probation revocation hearing; (2) The USPC incorrectly imposed a term of imprisonment "exceed[ing] the sanction imposed for the crime" that was committed in North Carolina; (3) The USPC violated 28 C.F.R. § 2.219(a)(1)

3

by revoking his parole for more than five years; (4) The USPC violated double jeopardy because Petitioner was placed in a CCC for 90 days after testing positive for marijuana and he was charged with violating his parole by using illegal drugs. (Id., pp. 40 - 51.) By "Final Report and Recommendation" dated December 11, 2008, United States Magistrate Judge Russell G. Vineyard recommended that Respondent's Motion to Dismiss be granted and Petitioner's Petition be dismissed. (Id., pp. 56 - 74.) By Judgment Order entered on February 5, 2009, United States District Judge Julie E. Carnes adopted Judge Vineyard's recommendation and dismissed Petitioner's Petition. (Id., pp. 53 - 55.)

### 3.     Proceedings in the Southern District of West Virginia:

On August 25, 2009, Petitioner filed his present Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in State or Federal Custody. (Document No. 1.) As grounds for claiming entitlement to relief under Section 2241, Petitioner states the USPC violated the *Ex Post Facto* Clause by applying the 2000 Guidelines instead of 1987 Regulations. (Id.) Petitioner explains that he was initially sentenced in 1988, and released on parole on March 24, 2003. (Id., p. 2.) Subsequently, Petitioner was charged in North Carolina for "discharging a weapon in occupied property and assault with a deadly weapon with injury" on May 25, 2007. (Id., pp. 2 - 3.) On August 19, 2008, the USPC conducted a revocation hearing and revoked Petitioner's parole. (Id.) Petitioner contends that "he was originally sentenced in 1988, on the DC conviction, but the parole guidelines enacted on August 5, 2000, were employed to establish his sanction" during the parole revocation hearing. (Id., p. 9.) Petitioner alleges that the "sanction for the violation conduct is diabolical and extremely harsher than the guidelines on parole violators that were in effect when he was initially convicted." (Id., p. 8.) Petitioner explains that "his sanction is disadvantageous inasmuch, if the rules had been applied that were in effect when he was originally convicted, then he would only have to

serve 24 months in lieu of the harsher 110 months." (Id., p. 9.) Petitioner, therefore, contends that the USPC violated the *Ex Post Facto* Clause by applying the 2000 Guidelines during his parole revocation hearing. (Id.) As relief, Petitioner requests that the Court order the USPC to conduct a new revocation hearing utilizing the 1987 Regulations. (Id.)

In support Petitioner attaches the following Exhibits: (1) A copy of the "Judgment and Commitment/Probation Order" dated September 20, 1988, as entered in the Superior Court of the District of Columbia in Case No. F5261-88 (Document No. 1-1, pp. 1 and 11.); (2) A copy of the "Judgment Suspending Sentence" dated December 10, 2007, as entered in the State of North Carolina, Mecklenburg County in Case No. 07-CRS-223710 (Id., pp. 2 - 5.); (3) A copy of Petitioner's "Warrant for Return of Prisoner Released to Supervision" dated December 27, 2007 (Id., pp. 6 and 13.); (4) A copy of "Guidelines for Decision-Making" (Id., p. 7.); (5) A copy of the Parole Commission's "Notice of Action" dated September 19, 2008 (Id., pp. 8 - 10.); and (6) A copy of the "Warrant D.C. Code Offender" dated August 1, 2007, as issued by the United States Parole Commission (Id., p. 12.).

By Order entered on February 14, 2011, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 7.)

On March 15, 2011, Respondent filed his Response to the Order to Show Cause. (Document No. 12.) Respondent argues that "Plaintiff has failed to state an *ex post facto* claim because the Commission has not made a decision under a prior rule." (Id., pp. 4 - 7.) First, Respondent claims that "[n]either the 1987 Parole Guidelines nor the 1991 Policy Guidelines apply to 2007 parole violators." (Id., pp. 4 - 5.) Second, Respondent asserts that "[e]ven if the Parole Commission's guidelines had not been in effect when petitioner committed his revocation conduct, petitioner has

failed to establish that the Parole Commission guidelines have created a significant risk of increasing his punishment." (Id., pp. 5 - 7.)

As Exhibits, Respondent attaches the following: (1) A copy of the "Judgment and Commitment/Probation Order" dated September 20, 1988, as filed in the Superior Court of the District of Columbia in Case No. F5261-88 (Document No. 11-1, p. 2.); (2) A copy of Petitioner's "Sentence Monitoring Computation Data as of 02-16-2011" (Id., pp. 5 - 8.); (3) A copy of the "Warrant D.C. Code Offender" as issued by the USPC on August 1, 2007 (Id., p. 10.); (4) A copy of the "Warrant for Return of Prisoner Released to Supervision" dated December 27, 2007 (Id., p. 11.); (5) A copy of the USPC's "Warrant Application D.C. Code Offender" dated August 1, 2007 (Id., pp. 12 - 14.); (6) A copy of the "Judgment Suspending Sentence" dated December 10, 2007, as filed in the State of North Carolina, Mecklenburg County in Case No. 07-CRS-223710 (Id., pp. 16 - 20.); (7) A copy of the "Hearing Summary" regarding the revocation of Petitioner's parole (Id., pp. 21 - 24.); (8) A copy of the USPC's "Notice of Action" dated September 19, 2008 (Id., pp. 26 - 28.); (9) A copy of Petitioner's Appeal of the USPC's decision dated October 15, 2008 (Id., pp. 30 - 35.); (10) A copy of the USPC's "Notice of Action on Appeal" dated January 2, 2009 (Id., pp. 37 - 38.); (11) A copy of Petitioner's Section 2241 Petition as filed in the United States District Court for the Northern District of Georgia in Case No. 1:08-cv-1839 (Id., pp. 40 - 41.); (12) A copy of Petitioner's Motion for Declaratory Judgment as filed in the Northern District of Georgia in Case No. 1:08-cv-1839 (Id., pp. 43 - 51.); (13) A copy of United States District Judge Julie E. Carnes' Order dated February 5, 2009, granting Respondent's Motion to Dismiss as filed in the Northern District of Georgia in Case No. 1:08-cv-1839 (Id., pp. 53 - 55.); (14) A copy of United State Magistrate Judge Russell G. Vineyard's Final Report and Recommendation dated December 11, 2008, recommending that Respondent's Motion to Dismiss be granted in Case No. 1:08-cv-1839

(Id., pp. 56 - 74.); (15) A copy of the District of Columbia Municipal Regulations, Title 28 Corrections Courts and Criminal Justice, dated May, 1987 (Id., pp. 76 - 127.); and (16) A copy of Petitioner's Presentence Report as prepared by the Superior Court of the District of Columbia's Social Services Division in 1988 (Document No. 15.).

On May 5, 2011, Petitioner filed his "Objections and Arguments" to the Respondent's Response. (Document No. 18.) First, Petitioner argues that "the United States Parole Commission's deliberate failure to follow its own procedural rules contrary to valid rules and regulations set forth in the former D.C. Board of Parole has resulted in a violation of the Administrative Procedure Act and Petitioner's Due Process rights." (Id., pp. 4 - 10.) Second, Petitioner contends that his "parole violation offense was erroneously evaluated and adjudged by the Commission under the USPC 2000 Guidelines in violation of the ex post facto clause of the U.S. Constitution." (Id., pp. 10 - 15.) Third, Petitioner asserts that the "[f]acial difference between the 1987 Regulations and the 2000 Guidelines, which give rise to a compelling inference that the application of the 2000 Guidelines significantly increased Petitioner Morgan's term of incarceration before he can attain eligibility for consideration for re-parole by the USPC." (Id., pp. 15 - 23.)

## ANALYSIS

Generally, when a decision of the United States Parole Commission is challenged in *habeas* proceedings, judicial review is limited to determining whether the USPC abused its discretion by violating a constitutional, statutory or regulatory provision. The Court, however, may not review the discretionary decision of the USPC to deny parole under an abuse of discretion standard. See Garcia v. Neagle, 660 F.2d 983, 987-89 (4th Cir. 1981)(Finding that the USPC's substantive decision setting prisoner's presumptive parole date was not subject to judicial review under an abuse of discretion standard); Page v. Pearson, 261 F.Supp.2d 528, 530 (E.D.Va. 2003)(Parole decisions are

7

not "subject to arbitrary and capricious or abuse of discretion review under the provisions of the Administrative Procedure Act, 5 U.S.C. § 701(a)(2)). Although the Court cannot review the substance or merits of the parole decision, it can examine the decision to determine whether it violates constitutional, statutory, regulatory, or other restrictions. Id.; see also Gruber v. United States Parole Commission, 792 F.Supp. 42 (N.D.W.Va. 1992).

The Revitalization Act vested the USPC with the sole authority to administer the District of Columbia parole system on August 5, 1998. See The National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745, codified at District of Columbia Code § 24-131(a)(1)(2001)("Not later than one year after August 5, 1997, the United States Parole Commission shall assume the jurisdiction and authority of the Board of Parole of the District of Columbia to grant and deny parole. . .."). Thus, the USPC is responsible for making parole release decisions for all eligible District of Columbia Code felony offenders, including Petitioner. The USPC must follow the parole laws and rules of the District of Columbia as amended and supplemented by the USPC. The USPC has amended the parole rules and guidelines of the District of Columbia. See 28 C.F.R. §§ 2.80, et seq.; see also Muhammad v. Mendez, 200 F.Supp.2d 466, 469-70 (M.D. Pa. 2002). The USPC has prescribed the procedure it employs with respect to District of Columbia Code offenders at 28 C.F.R. §§ 2.70, et seq.

The undersigned finds no evidence supporting Petitioner's claim under Section 2241 that he is in custody in violation of the Constitution or laws of the United States. Citing Fletcher v. Reilly, 433 F.3d 867 (D.C. Cir. 2006), Petitioner argues that the USPC violated the *Ex Post Facto* Clause by applying the 2000 Guidelines during his parole revocation hearing and in determining his re-parole date. Petitioner claims the USPC should have applied the "more lenient" 1987 Regulations because his underlying conviction occurred in 1988.

8

A law violates the *Ex Post Facto* Clause if it is retrospective and disadvantages the offender affected by it. See Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964, 67 L.Ed.2d 117 (1981). Concerning the first element, a law is retrospective if it "changes the legal consequences of the acts completed before its effective date." Weaver, 450 U.S. at 31, 101 S.Ct. at 965. Regarding the second element of an *ex post facto* claim, an offender is disadvantaged by "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver, 450 U.S. at 28, 101 S.Ct. 964 (citations omitted). Thus, even if a law is retrospective, the law does not violate the *Ex Post Facto* clause unless the petitioner shows that, as applied to his sentence, the change in the law creates a significant risk of increasing his punishment. Weaver, 450 U.S. at 30-31, 101 S.Ct. at 965(the law does not violate the *Ex Post Facto* clause unless it adds to the quantum of punishment); also see Garner v. Jones, 529 U.S. 244, 255, 120 S.Ct. 1362, 146 L.Ed.2d 236 (2000).

The undersigned finds that Petitioner cannot satisfy the first element. The Court first concludes that Petitioner's reliance upon Fletcher v. Reilly, 433 F.3d 867 (D.C. Cir. 2006) is without merit. In Fletcher, the District of Columbia Circuit Court determined that "a retroactively applied parole or reparole regulation or guideline violates the *Ex Post Facto* Clause if it creates a significant risk of prolonging an inmate's incarceration." Fletcher, 433 F.3d at 877. Thus, the Court of Appeals determined that Fletcher had stated a prima facie *ex post facto* claim by alleging that the USPC improperly applied the 2000 Guidelines during his re-parole hearing. Id. at 876-79. The factual circumstances surrounding Fletcher, however, are distinguishable from the present case. In Fletcher, the petitioner committed the felony resulting in the revocation of his parole prior to the 2000 Guidelines taking effect. Fletcher, 433 F.3d at 872-73. In the instant case, the 2000 Guidelines were in place at the time Petitioner committed the offenses resulting in the revocation of his parole.


Petitioner's parole was revoked based upon (1) "Use of Dangerous and Habit Forming Drugs" on November 16, 2005, November 22, 2005, December 9, 2005, and August 11, 2006; and (2) "Assault With a Deadly Weapon with Intent to Kill, Inflicting Serious Injury" and "Discharging a Firearm into Occupied Property" on May 25, 2007. Accordingly, the 2000 Guidelines were not retroactively applied because they did not "change the legal consequences of the acts completed before its effective date." Trice v. Reilly, 2009 WL 514112, * 4 (N.D.W.Va. March 2, 2009)(finding no *ex post facto* violation where the 2000 Guidelines were applied to conduct petitioner engaged in 2004 resulting in the revocation of his parole); also see Trice v. Reilly, 2006 WL 5644844 (E.D.Va. Nov. 13, 2006); Franzese v. Clark, 732 F.Supp. 653 (E.D. Va. 1990)(finding that "the Parole Commission properly fixed petitioner's presumptive parole date on the basis of the guidelines in effect at the time of petitioner's parole revocation"). Therefore, Petitioner has failed to established that the 2000 Guidelines were retroactively applied during his parole revocation proceedings.

Notwithstanding the foregoing, the undersigned will consider whether the 2000 Guidelines imposed "additional punishment" or created a significant risk of prolonging Petitioner's incarceration. Petitioner complains that the USPC applied the 2000 Guidelines resulting in a "presumptive re-parole" date of July 24, 2016, after service of 110 months. Petitioner alleges that the application of the 2000 Guidelines resulted in an increase punishment because he would have been released on parole in 24 months under the 1987 Regulations. Specifically, Petitioner states as follows:

> Under DC parole law the time of his initial conviction, a misdemeanor parole violator's conduct would have received an additional 15 months on their new misdemeanor conviction and felony parole convictions would receive 24 additional months on their new felony sentence. Thus, Petitioner, in the instant case would have received the 24 additional months on his new sentence, which was time served and he would have been re-paroled as of 24 months of service.

(Document No. 1, p. 8.) Even assuming the USPC applied the incorrect Guidelines, the Court finds no authority in the 1987 Regulations indicating that Petitioner would be re-paroled in 24 months. Based upon a review of the 1987 Regulations, the Court concludes that Petitioner is referencing Section 104.9. Section 104.9 provides as follows:

> When the Board revokes parole based on one or more new felony charges or convictions and order reconsideration for a person with five (5) or more years remaining on the maximum sentence, *reconsideration* shall ordinarily occur within fifteen (15) to twenty-four (24) months.

28 D.C.M.R. § 104.9(emphasis added); (Document No. 11-1, p. 84.) Additionally, Section 104.11 states that "[n]otwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate." 28 D.C.M.R. § 104.11; (Document No. 11-1, p. 84.) In the instant case, the "Notice of Action" dated September 19, 2008, reveals that the USPC scheduled Petitioner for a review hearing in August, 2010. (Document No. 11-1, p. 26 - 27.) Thus, the USPC's application of the 2000 Guidelines did not increase the time period for reconsideration or create a significant risk of prolonging Petitioner's incarceration. Accordingly, Petitioner's claim that the USPC violated the *Ex Post Facto* Clause by misapplying the guidelines is without merit.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: September 7, 2011.

R. Clarke VanDervort
United States Magistrate Judge