IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BOBBY D. MORGAN,

        Petitioner,

v.                                  CIVIL ACTION NO.  5:09-cv-00966

WARDEN D. BERKEBILE,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Application under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1]  By Standing Order (Document 2) entered on August 25, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 7, 2011, the Magistrate Judge submitted his Proposed Findings and Recommendation ("PF&R"), wherein he recommends the Court dismiss Petitioner's Application for Writ of *Habeas Corpus*. (Document 19)  The Court has reviewed Petitioner's objections to the Magistrate Judge's PF&R. (Document 22) After thorough review and consideration, the Court finds, for the reasons stated herein, that Petitioner's Objections should be overruled and the Magistrate Judge's PF&R should be adopted.

---

[1] Since Petitioner is proceeding *pro se*, his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976).

## I.     FACTUAL AND PROCEDURAL HISTORY

On September 20, 1988, Petitioner was sentenced by the District of Columbia Superior Court to fifteen (15) years to life imprisonment for armed robbery and a one (1) year term of imprisonment for carrying a pistol without a license. (Document 11-1 at 2.) Both sentences were ordered to run consecutively. *Id*. Subsequently, on March 23, 2003, Petitioner was released on parole and placed on supervision in the Western District of North Carolina. On August 1, 2007, the United States Parole Commission ("USPC") submitted a Warrant Application that alleged Petitioner violated the terms and conditions of his parole by (1) "Use of Dangerous and Habit Forming Drugs;" and (2) "Law Violation: (a) Assault With Deadly Weapon with Intent to Kill, Inflicting Serious Injury; (b) Discharging a Firearm into Occupied Property; (c) Failure to Report Arrest to USPO." *Id*. at 12 - 14. On December 10, 2007, Petitioner was subsequently convicted on North Carolina state charges of discharging a weapon into occupied property and assault with a deadly weapon causing serious injury. *Id*. at 16-19. Petitioner was arrested on the alleged parole violation warrant on December 27, 2007. *Id*. After a hearing, on August 19, 2008, the USPC found that Petitioner committed the charged violations. *Id*. The USPC rated Petitioner's violations as a category seven (7) with a salient factor score of five (5), and the USPC determined Petitioner's guideline range was 78-110 months. *Id*. On September 19, 2008, the USPC issued its "Notice of Action" revoking Petitioner's parole, denying him credit for time spent on parole, and issuing a presumptive new parole date of July 24, 2016, after service of 110 months. *Id*. at 26 - 28.

The PF&R sets forth in great detail Petitioner's appeal of the USPC decision and the proceedings initiated by Petitioner in the Northern District of Georgia. (Document 19 at 2-3.)

The Court now incorporates by reference those facts and procedural history without further recitation.

On August 25, 2009, Petitioner filed the instant § 2241 *Habeas Corpus* petition on the grounds that the USPC violated the *Ex Post Facto* Clause by applying the 2000 Guidelines instead of 1987 Regulations when they revoked his parole. (Document 1). Petitioner contends that the "sanction for the violation conduct is diabolical and extremely harsher than the guidelines on parole violators that were in effect when he was initially convicted." *Id*. at 8. Petitioner contends that had the USPC applied the correct guidelines then he would only have to serve a twenty-four (24) month sentence rather than a 110 month sentence. *Id*. at 9. Petitioner asks the Court to order a new hearing where the USPC would be required to apply the 1987 regulation as opposed to the 2000 Guidelines. *Id*.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978). Further, the Court may not review discretionary decision of the USPC to deny parole under an abuse of discretion standard, and the Court may not review the substance or merits of the USPC decision. *See Garcia v. Neagle*, 660 F.2d 983, 987-89 (4th Cir. 1981). Nevertheless, the Court may consider whether the USPC "exceeded its legal authority, acted unconstitutionally or failed to follow its own regulations." *Page v. Pearson*, 261 F.Supp.2d 528, 531 (E.D.Va. 2003) (internal citation omitted).

### III. ANALYSIS

#### A. *Magistrate Judge's PF&R*

The Magistrate Judge correctly laid out the applicable law in his PF&R. First, the Magistrate Judge indicated that The Revitalization Act vested the USPC with the sole authority to administer the District of Columbia parole system on August 5, 1998. *See* The National Capital Revitalization and Self-Government Improvement Act, Pub. L. No. 105-33, § 11231(a)(1). This granted the USPC power and jurisdiction to assume the duties to grant and deny parole, which had previously been relegated to the Board of Parole of the District of Columbia. The Magistrate Judge found "no evidence supporting Petitioner's claim under Section 2241 that he is in custody in violation of the Constitution or laws of the United States." (Document 19 at 8.)

The Magistrate Judge concluded that Petitioner's argument that the USPC revocation violated the *Ex Post Facto* Clause does not satisfy either element of the relevant test. *Id*. at 9-11. A law that is retrospective and disadvantages the offender is a violation of the *Ex Post Facto* Clause. *Id*. at 9. The Magistrate Judge correctly found that a law is retrospective if it "changes the legal consequences of the acts completed before its effective date." *Weaver v. Graham*, 450

U.S. 24, 31 (1981). An offender is disadvantaged by a law if it "imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver*, 450 U.S. at 28 (citations omitted).

First, the Magistrate Judge found Petitioner did not satisfy the retrospective element. (Document 19 at 9.) The Magistrate Judge explains that Petitioner's reliance on *Fletcher v. Reilly*, 433 F.3d 867 (D.C. Cir. 2006) is misplaced because the issue in *Fletcher* is easily distinguishable from Petitioner's claim. In *Fletcher*, the Court concluded that "a retroactively applied parole or reparole regulation or guideline violates the *Ex Post Facto* Clause if it creates a significant risk of prolonging an inmate's incarceration." *Fletcher*, 433 F.3d at 877. Unlike Petitioner's claim, in *Fletcher*, the petitioner committed the felony resulting in the revocation of his parole prior to the 2000 Guidelines taking effect. *Fletcher*, 433 F.3d at 872-73. The Magistrate Judge noted that Petitioner's violations of the terms of his parole did not occur until 2005 and 2007, which was several years after the 2000 Guidelines. (Document 19 at 10.) Thus, the Magistrate Judge found that the 2000 Guidelines were not retroactively applied because they did not "change the legal consequences of the acts completed before its effective date." *Trice v. Reilly*, 2009 WL 514112, * 4 (N.D.W.Va. March 2, 2009)(finding no *ex post facto* violation where the 2000 Guidelines were applied to conduct petitioner engaged in 2004 resulting in the revocation of his parole). Accordingly, the Magistrate Judge recommends that the Court dismiss this petition because Petitioner did not meet the retrospective element. (Document 19 at 10.)

Although the Magistrate Judge found that Petitioner did not meet the retrospective element, he still analyzed whether the 2000 Guidelines imposed "additional punishment" or created a significant risk of prolonging Petitioner's incarceration. Petitioner claims that the application of the 2000 Guidelines resulted in an increased punishment because he would have

been released on parole in twenty-four (24) months under the 1987 Regulations, rather than the one hundred and twenty (120) months he received under the 2000 Guidelines. The Magistrate Judge found no authority in the 1987 Regulations indicating that Petitioner would be re-paroled in twenty-four (24) months even if the USPC applied the incorrect Guidelines. (Document 19 at 11.) The Magistrate Judge noted that the Section 104.11 of the D.C.M.R. states that "[n]otwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate." 28 D.C.M.R. § 104.11. The Magistrate found the second element was not met because the USPC's application of the 2000 Guidelines did not increase the time period for reconsideration or create a significant risk of prolonging Petitioner's incarceration. (Document 19 at 11.)

Accordingly, the Magistrate Judge recommends that the Court dismiss Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document 1) and remove this matter from the Court's docket. *Id*.

### B. Petitioner's Objections

Petitioner was granted an extension by the Court to file his objection to the Magistrate Judge's PF&R. (Document 21.) On October 12, 2011, Petitioner filed several, albeit unclearly articulated, objections, which the Court will now address. As a preliminary matter, Petitioner sporadically argues throughout his memorandum that this Court has jurisdiction to review the decision of USPC. (Document 22 at 4-6.). The Court clearly has jurisdiction to review the decisions of the USPC as discussed *supra* in Section II. Standard of Review. Accordingly, this is not an objection which requires the Court's consideration.

First, Petitioner objects to the Magistrate Judge's finding that Petitioner did not meet the retroactive element of an *Ex Post Facto* Clause violation. Specifically Petitioner argues the

Magistrate Judge's "factual determinations regarding his *Ex Post Facto* claims are without merit due to the fact his violations and revocation parole occurred after the 2000 [G]uidelines went into effect." (Document 22 at 7.) Petitioner contends the finding is seriously flawed because he was not afforded the less stringent protections based on the 1987 D.C. Parole Board regulation which was in place at the time of his underlying conviction. *Id.* Petitioner relies on *Frady v. United States Bureau of Prisons*, 50 F.2d 1027 (D.C. Cir. 1978) for the proposition that "Petitioner's District of Columbia sentence is governed by the parole eligibility provisions of the D. C. Code, not those of the U.S. Code." (Document 22 at 10.) This objection is without merit. Petitioner relies on a decision that predates The Revitalization Act, which clearly vests the USPC with the sole authority to administer the District of Columbia parole system on August 5, 1998. The real question is "whether the law changes the legal consequence of acts completed before its effective date." *Weaver*, 450 U.S. at 31. In the instant case, the 2000 Guidelines were clearly applied to events that occurred after its adoption. Precisely, the 2000 Guidelines were applied to Petitioner's conduct that took place in 2005 and 2007, which resulted in the revocation of his parole. (Document 1-1 at 8-9.) The Court finds USPC's application of the 2000 Guidelines was not retroactively applied. Accordingly, Petitioner's objection is without merit.

Second, Petitioner objects to the Magistrate Judge's finding that, even if the USPC applied the 2000 Guidelines retroactively, Petitioner was not subjected to a significant risk of prolonging his incarceration. Petitioner argues that the 1987 Regulation specifically limited the revocation of his parole to twenty-four (24) months.[2] (Document 22 at 11.) However, Petitioner ignores the finding by the Magistrate Judge that Section 104.11 states that "[n]otwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate." 28 D.C.M.R. § 104.11; (Document 19 at 11.) The Court finds that

---

[2] Petitioner appears to be referencing 28 D.C.M.R. § 104.9

the parole board had discretion to depart from the guidelines. Accordingly, the Petitioner's objection that he was subjected to a significant risk of prolonging his incarceration is without merit.

Third, Petitioner objects to the USPC's jurisdiction to revoke his parole, and asserts that the proper jurisdiction for his parole revocation would be with Superior Court of the District of Columbia. (Document 22 at 16.) Although Petitioner did not challenge the USPC's jurisdiction in his § 2241 *Habeas Corpus* Application, the Court will briefly address his objection. The USPC clearly has jurisdiction to revoke Petitioner's parole pursuant to 28 C.F.R. § 2.70.

Finally, Petitioner requests an evidentiary hearing to assist the Court "in analyzing, reviewing and rendering a final decision in the matter now pending before this Court." (Document 22 at 20.) In light of the above findings, the Court does not need an evidentiary hearing rule on Petitioner's objection.

## IV. CONCLUSION

Thus, for the reasons stated above, the Court does hereby **ORDER** that the Magistrate Judge's Proposed Findings and Recommendation (Document 19) be **ADPOTED**. The Court further **ORDERS** that Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document 1) be **DISMISSED** and that this matter be **REMOVED** from the docket of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 21, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA